UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

DONNA MCKAY,

                              Plaintiff,

                                    -v-                                    **MEMORANDUM**
                                                                           **16-CV-6834-FPG**

STATE OF NEW YORK,

                              Defendant.

───────────────────────────────────────

## FACTS

"On April 7, 2015 McKay voluntarily went to the emergency room (ER) at Soldiers and Sailors Memorial Hospital in Penn Yan, New York, seeking admission to the psychiatric floor of the hospital." Matter of License To Carry a Pistol Issued to Donna L. McKay, 52 Misc. 3d 936, 938, (Yates County Ct. 2016). "Dr. Marino was McKay's treating physician while she was at the hospital." Id. "Sometime before McKay's discharge, Dr. Marino made an on line report in compliance with the NY Safe Act [MHL §9.46(b)] that she had entered the mental health unit. It was this report that triggered the Safe Act report that the State Police eventually sent to the Court and to the Yates County Clerk." Id. (see also complaint par. 1, 6, 8, 9).

Pursuant to the order of the County Court, on April 15, 2015 the Yates County Sheriff's Deputies confiscated Plaintiff's guns (complaint par.10, 15, 22).

Yates County Court Judge Falvey conducted a hearing regarding whether Plaintiff's pistol permit should be revoked and prohibiting her from possessing a firearm, rifle or shotgun as a result of the court's receipt of a notice pursuant to the Mental

Hygiene Law. <u>Matter of License To Carry a Pistol Issued to Donna L. McKay</u>, 52 Misc.

3d 936 (Yates County Ct. 2016). The Court held:

> The court concludes that based upon the proof presented McKay's time in the hospital was not a commitment within the meaning of 18 USC §922(g)(4). Further, she had not been adjudicated a mental incompetent. Therefore, she does not fall under the prohibition of 18 USC §922(g)(4) from obtaining or possessing firearms or ammunition. Nor was she taken into custody by a police or peace officer and placed in the hospital secure mental health unit pursuant to MHL §9.41.

>    *    *    *    *

> The court concludes that on the record before it when viewed in the totality of the circumstances, no good cause exists for the revocation of the respondent's pistol permit and it therefore shall be reinstated and returned to her by the Pistol Permit Clerk and any firearms, rifles or shotguns and other items taken pursuant to the Court's Order to Show Cause and that are now in the possession of the Yates County Sheriff under receipt dated April 15, 2015 bearing case number 2015-02308 shall be returned upon presentment of a copy of the Order of Reinstatement.

<u>Matter of License To Carry a Pistol Issued to Donna L. McKay</u>, 52 Misc. 3d 936, 942,

34 N.Y.S.3d 354, 359, 2016 N.Y. Misc. LEXIS 2055, *11-12, 2016 NY Slip Op 26180, 5

(N.Y. County Ct. 2016).

## STANDARD OF REVIEW
## FOR 12(b)(6) MOTION TO DISMISS

The standard of review for Rule 12(b)(6) Motion to Dismiss was recently

summarized:

> In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept . . . all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 555 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. See Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008)(internal quotation marks omitted).

Austin v. Town of Farmington, 2015 U.S. Dist. LEXIS 73922, *4-5 (W.D.N.Y. June 8, 2015).

## THE CLAIMS
## AGAINST NEW YORK STATE
## SHOULD BE DISMISSED

Plaintiff brings suit against New York State. Claims against the State are barred by the Eleventh Amendment and should be dismissed.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

Parson v. York, 2017 U.S. Dist. LEXIS 28951, *20-21 (N.D.N.Y. February 28, 2017).

"Unless Plaintiff provides a legal basis to name [the state] in this action, they too will be dismissed with prejudice." Fox v. Dep't of Corr. & Cmty. Supervision Bd. of Parole, 2016 U.S. Dist. LEXIS 133434, *4, 2016 WL 5404593 (W.D.N.Y. Sept. 28, 2016).

In addition, Plaintiff's claims for monetary damages (page 32 of 33, paragraph IX) are barred. "[A]bsent waiver by the State or valid Congressional override, the Eleventh Amendment bars a damages action against a State in federal court." <u>Ford Motor Co. v. Department of Treasury of Indiana</u>, 323 U.S. 459, 464 (1945). Therefore, the claims for monetary damages should be dismissed.

Plaintiff has brought suit under 18 U.S.C. §925A, which states:

> Any person denied a firearm pursuant to subsection (s) or (t) of section 922 [18 USCS § 922]--
> (1)  due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act [18 USCS § 922 note] or
> (2)  who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922 [18 USCS § 922],
>
> may bring an action against the State ….

Despite the Congressional mandate allowing citizens to sue a State for the limited purpose of correcting erroneous information, the defendant objects as this provision of §925A is in violation of the Eleventh Amendment.

## THE CLAIM UNDER 925(A)
## SHOULD BE DISMISSED AS MOOT

Plaintiff seeks to have New York State correct erroneous information, to wit, plaintiff's hospitalization for mental health treatment was involuntary. This has been done. The hospital has changed their records from involuntary admission to voluntary admission. That information has been transmitted to New York State who has corrected their records and transmitted the change to the Federal

government[1]. Accordingly, the first cause of action should be dismissed as moot.

## NO VALID CAUSE OF ACTION
## FOR RIGHT TO COUSEL
## FOR INDIGENT LITIGANTS

Even if Plaintiff can overcome the Eleventh Amendment Immunity, Plaintiff's

second cause of action should be dismissed. In the second cause of action Plaintiff

seeks the right to counsel for all indigent litigants when facing a license hearing and

property deprivation against allegations made under 18 USCS § 922(g)(4) or New

York State laws that can be used for mental health disqualification rights under the

Second Amendment. (complaint paragraph 126, page 31 of 33 paragraph III). This

cause of action fails to state a valid cause of action and should be dismissed.

"There is no constitutional right to counsel in civil cases. *See* In re Martin-

Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984)." Fann v. Arnold, 2016 U.S. Dist. LEXIS

64039, *29 (W.D.N.Y. May 16, 2016).

Even if there was such a right, Plaintiff lacks standing to bring this claim as she

was represented by counsel. Furthermore, plaintiff has no standing to bring this action

on behalf of "all individuals."

## NO VALID CAUSE OF ACTION
## FOR RIGHT TO NOTIFICATION

Even if Plaintiff can overcome the Eleventh Amendment Immunity, Plaintiff's

third cause of action should be dismissed. In the third cause of action, Plaintiff seeks

---

[1] However, pursuant to standard New York State Office of Mental Health (OMH) procedures, due to the inconsistent statements by the hospital, OMH will be sending its licensing staff to conduct an audit of the hospital records pertaining to this. It is possible, as a result of the audit that the hospital will be asked to resubmit the information pertaining to Ms. McKay to the federal NICS data base.

the right to have notice when the government takes action against them in accordance with 18 USC §922(g)(4) or any state law. (complaint paragraph 131, page 31 of 33 paragraph IV).

There is no obligation that the Federal and State governments provide concurrent notification to plaintiff that she is being reported to the FBI under 18 USC §922(g)(4). In the matter before the Court, plaintiff was notified by the County Court and was able to protect her rights.

Even if there was such a right, Plaintiff lacks standing to bring this claim as she was provided with notice. Furthermore, plaintiff has no standing to bring this action on behalf of "all individuals."

## CONCLUSION

The complaint should be dismissed.

Dated:     March 7, 2017
           Rochester, New York

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant State of New York


s/ Gary M. Levine
GARY M. LEVINE
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
gary.levine@ag.ny.gov

**CERTIFICATE OF SERVICE**

I certify that on March 7, 2017, I electronically filed the foregoing Memorandum

on behalf of defendant with the Clerk of the District Court using CM/ECF system,

which sent notification of such filing to the following:

1.    Paloma A. Capanna, Esq.
      633 Lake Road
      Webster, NY 14580


And, I hereby certify that I have mailed, by the United States Postal Service, a

copy of the document to the following non-CM/ECF participant(s):

1.    n/a


ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant State of New York


s/Gary M. Levine
GARY M. LEVINE
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
gary.levine@ag.ny.gov