UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONNA MCKAY,

                Plaintiff,

                      -v-

**REPLY MEMORANDUM**
**16-CV-6834-FPG**

STATE OF NEW YORK,

                Defendant.

## THE CLAIM UNDER 925(A)
## SHOULD BE DISMISSED AS MOOT

Plaintiff seeks to have New York State correct erroneous information, to wit, plaintiff's hospitalization for mental health treatment was involuntary. As shown by the declaration of John Allen, this has been done. The hospital has changed their records from involuntary admission to voluntary admission. That information has been transmitted to New York State who has corrected their records and transmitted the change to the Federal government. Accordingly, the first cause of action should be dismissed as moot.

    Plaintiff's claim to correct her record is moot.

"Under Article III of the U.S. Constitution, [w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). "Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies . . . ." In re Zarnel, 619 F.3d 156, 162 (2d Cir. 2010). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001).

Sanchez v. N.Y. City Hous. Auth., 2017 U.S. Dist. LEXIS 86779, *5 (S.D.N.Y. June 6, 2017). The Court should evaluate whether the Court can grant any relief to plaintiff that she does not already have.

> "In general, if an event occurs while an [action] is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost." Id. (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001)); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Islam v. N.Y. State Bd. of Parole, 2016 U.S. Dist. LEXIS 72706, *5 (N.D.N.Y. June 2, 2016).

Plaintiff's 18 U.S.C. §925A claim is solely for the purpose of obtaining an "order directing that the erroneous information be corrected." As stated by Plaintiff: "[t]he Plaintiff is not seeking compensation or other damages under [the first] claim." (Plaintiff's memorandum page 8, fn #4.). Since plaintiff's records have been updated to reflect the hospital's change in plaintiff's admission, the matter is moot and should be dismissed.

Accordingly, plaintiff's claim under §925A is moot and should be dismissed.

### SECOND CLAIM
### FOR RIGHT TO COUSEL
### AGAINST NEW YORK STATE
### SHOULD BE DISMISSED

In the second cause of action Plaintiff seeks the right to counsel for all indigent litigants when facing a license hearing and property deprivation against allegations made under 18 USCS § 922(g)(4) or New York State laws that can be used for mental health disqualification rights under the Second Amendment (complaint paragraph 126, page 31 of 33 paragraph III).

The Eleventh Amendment immunity bars Plaintiff's second cause of action for money damages.

Plaintiff lacks standing to bring this claim and has not raised a case or controversy that the Court should hear.

Article III of the Constitution limits the jurisdiction of the Federal Judiciary to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. In doing so, Article III enshrines "the proper—and properly limited—role of the courts in a democratic society." *DaimlerChrysler*, 547 U.S. at 340. The doctrine of standing enforces Article III's case-or-controversy requirement. *Id.* at 342; *see also Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) ("The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the power of the political branches."). To that end, the doctrine of standing establishes an "irreducible constitutional minimum," which ensures that a plaintiff has alleged a "particularized" injury that affects the plaintiff in a "personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

The irreducible constitutional minimum of standing requires three things: First, the plaintiff must allege "an injury in fact"—a harm suffered by the plaintiff personally that is "concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Second, the plaintiff must demonstrate a "fairly traceable" causal connection "between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* Finally, there must be "a likelihood that the requested relief will redress the alleged injury." *Id.; see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) ("[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that injury fairly can be traced to the challenged conduct and is likely to be redressed by a favorable decision.") (internal quotation marks and citations omitted).

Beyond that irreducible constitutional minimum, the Supreme Court has identified certain prudential standing limitations. One of those limitations is that "when the asserted grievance is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). That is because "other governmental institutions" may be more competent to address "questions of wide public

> significance." *Id.* at 500. Another of those limitations is that the power to seek judicial review belongs to "those who have a direct stake in the outcome," rather than "concerned bystanders who will use it simply as a vehicle for the vindication of value interests." <u>Diamond v. Charles</u>, 476 U.S. 54, 62, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986) (internal quotation marks omitted). Underlying each of these prudential limitations is a fundamental principle of our democracy—"The province of the court is, solely, to decide on the rights of individuals." <u>Marbury v. Madison</u>, 5 U.S. (1 Cranch) 137, 170, 2 L. Ed. 60 (1803).

<u>Robinson v. Sessions</u>, 2017 U.S. Dist. LEXIS 54589, *14-16 (W.D.N.Y. Apr. 10, 2017).

In the matter before the Court, plaintiff did not allege an injury in fact, that is, a harm suffered by the plaintiff personally. There are no allegations in the complaint that plaintiff asked the County Court to appoint an attorney and the request was denied. Nor are there allegations that plaintiff advised the Court that she was indigent. Ultimately, plaintiff retained counsel who represented her through the revocation proceedings. There was no injury in fact and therefore the Court lacks jurisdiction to hear this cause of action.

Furthermore, plaintiff has no standing to bring this action on behalf of "all individuals."

Even if the Court were to analyze this claim, the claim fails to state a valid cause of action and should be dismissed. In New York State courts, counsel is appointed in criminal cases and certain types of quasi criminal cases.

> When, in a criminal matter, "the State or Government proceeds against the individual with risk of loss of liberty or grievous forfeiture, the right to counsel and due process of law carries with it the provision of counsel if the individual charged is unable to provide it for himself (citations omitted). No similar constitutional or statutory provision applies to private litigation." <u>Matter of Smiley</u>, 36 N.Y.2d 433, 437, 330 N.E.2d 53, 369 N.Y.S.2d 87 (1975) (emphasis added); *see also* <u>Matter of St. Luke's-Roosevelt Hospital Center</u>, 159 Misc. 2d 932, 607 N.Y.S.2d 574 (Sup.Ct. NY County (1993)) *modified and remanded* 215 A.D.2d 337, 627 N.Y.S.2d 357 (1st Dept. 1995). Although the right to counsel grew forth from the area of criminal practice where the conviction of a

4

> Defendant may well result in the loss of individual liberty, the Court recognizes that this right has been extended "to a large number of quasi-criminal and civil proceedings." Matter of St. Luke's-Roosevelt Hospital Center, supra at 934 (e.g. involuntary administration of psychotropic medications; neglect proceeding involving loss of child custody; termination of parental rights; revocation of probation proceedings; and involuntary commitment to a mental institution). However, the outcome of those civil proceedings specifically pose a direct threat to the "physical liberty" of the Defendant/Respondent and/or jeopardize certain of his or her "liberty interests", and therefore warrant the appointment of counsel to protect the individual who is the subject of such proceeding. Id at 935-936.

Matter of Mark S., 11 Misc. 3d 1066(A) (N.Y. App. Term 2005). A pistol permit revocation hearing is not the type of proceeding in which an attorney would be appointed. There are no known cases that extend the right to counsel to those appearing in a pistol permit revocation hearing. Of course, a person facing a pistol permit revocation hearing, can always request a judge appoint an attorney-but it does not appear that this issue was before the County Court.

Accordingly, the claim based on the lack of appointed counsel should be dismissed.

**NO VALID CAUSE OF ACTION
FOR RIGHT TO NOTIFICATION**

Even if Plaintiff can overcome the Eleventh Amendment Immunity, Plaintiff's third cause of action should be dismissed. In the third cause of action, Plaintiff seeks the right to have notice when the government takes action against them in accordance with 18 USC §922(g)(4) or any state law (complaint paragraph 131, page 31 of 33 paragraph IV).

There is no obligation that the Federal and State governments provide concurrent notification to plaintiff that she is being reported to the FBI under 18 USC §922(g)(4).

5

In the matter before the Court, plaintiff was notified by the County Court and was able to protect her rights.

Even if there was such a right, Plaintiff lacks standing to bring this claim as she was provided with notice. Furthermore, plaintiff has no standing to bring this action on behalf of "all individuals."

## SUMMARY JUDGMENT SHOULD BE DENIED

In response to defendant's motion to dismiss, plaintiff has moved for summary judgment. The Court should not consider the motion for summary judgment.

Plaintiff is not entitled to a summary judgment. Plaintiff did not present the Court with a statement of undisputed facts pursuant to Local Rule 56(a)(1). The local rule requires such a submission and the failure to submit the statement of undisputed facts may constitute grounds for a denial of the motion. 56(a)(1). Local Rule 56(a)(1) of the Local Rules of Civil Procedure.

Defendants object that the material cited was not presented in an admissible form. Fed. R. Civ. P. 56(c)(2). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009). The documents and "facts" presented in plaintiff's submission are not admissible evidence, constitute opinions of plaintiff and her counsel, and are inaccurate. For example, plaintiff states: "[t]he defendant erred in its reporting and did not correct the erroneous report. (Levin (sic) ¶7; Def. Memo., p.4)" What was stated in the declaration was: "New York State cannot change the records as that the change must come from the reporting entity, in this case Finger Lakes Health (as they operate Soldiers and Sailors Hospital)." New York

6

did not err- the facts are the hospital reported to New York that plaintiff was an admitted as an inpatient, thus triggering the notification process. Once the hospital amended the notification, the state amended their records and transferred the same information to the federal government. Although New York is the record keeper, it was not New York's fault that the information provided was erroneous.

Even if the Court were to consider the application without a Rule 56(1) statement and the failure to submit evidence in admissible form, the summary judgment motion, this motion, made before discovery is premature.

> Indeed, "both the Second Circuit Court of Appeals and courts from within this district have indicated that a party may be granted summary judgment before an answer is filed." Nelson v. Deming, 140 F. Supp. 3d 248, 257 (W.D.N.Y. 2015) (collecting cases). That said, summary judgment is generally not appropriate until after some discovery has occurred. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). That is because summary judgment tests the sufficiency of the evidence, see FED. R. CIV. P. 56(a), and the parties obtain the evidence through discovery. See generally FED. R. CIV. P. 26; Celotex, 477 U.S. at 322. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

Perez v. Hume, 2017 U.S. Dist. LEXIS 34622, *4-5 (W.D.N.Y. Mar. 10, 2017)

With regards to an award of costs, including attorney fees, defendants intend to contest any application and will seek to review documents supporting the amount of expenses, including the detailed, contemporaneous time records to determine the appropriate value of compensation.

## CONCLUSION

The complaint should be dismissed.

Dated: June 28, 2017
Rochester, New York

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Defendant State of New York

        s/ Gary M. Levine
        GARY M. LEVINE
        Assistant Attorney General of Counsel
        NYS Office of the Attorney General
        144 Exchange Boulevard, Suite 200
        Rochester, New York 14614
        Telephone: (585) 546-7430
        gary.levine@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on June 28, 2017, I electronically filed the foregoing Memorandum of Law on behalf of defendant with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Paloma A. Capanna, Esq.
   633 Lake Road
   Webster, NY 14580

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1. n/a

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant State of New York

s/Gary M. Levine
GARY M. LEVINE
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
gary.levine@ag.ny.gov